2002 OK CR 41

James D. BEDNAR, Executive Director, Oklahoma Indigent Defense System, Petitioner,

v.

The DISTRICT COURT OF KAY COUNTY, Oklahoma, The Hon. Douglas C. Revard, Special Judge, and Mark Gibson, District Attorney, Kay County, Oklahoma, Respondents.

Nos. PR 2002–1310, PR 2002–1311.

Court of Criminal Appeals of Oklahoma.

Nov. 26, 2002.

*ORDER DENYING EXTRAORDINARY RELIEF AND LIFTING STAY EFFECTIVE DECEMBER 6, 2002, IN THE DISTRICT COURT OF KAY COUNTY, DISTRICT COURT CASE NOS. CF 2001–354, CF–2001–140, CF–2002–116, CM–2000–240, CM–2002–225 AND TR–2002–980*

¶ 1 On October 25, 2002, Petitioner James B. Bednar, Executive Director of the Oklahoma Indigent Defense System, by and through Craig Sutter, Deputy Executive Director of the Oklahoma Indigent Defense System (OIDS), filed two applications for extraordinary writs, PR 2002–1310 and PR 2002–1311, entitled "Emergency Application Requesting Immediate Stay of District Court Contempt Proceedings." In both cases Petitioner also filed a "Petition For Writ of Prohibition and/or Mandamus Prohibiting Any Further Contempt Proceedings Against Petitioner and Directing Dismissal of the Pending Contempt Proceedings Against Petitioner and Brief in Support Which Order was Entered on October 23, 2002, by the Honorable Douglas C. Revard, Special District [sic] Judge of Kay County, Oklahoma."

¶ 2 OIDS states that on October 23, 2002, Judge Revard held Mr. Bednar in contempt of court for failing to provide counsel to the defendant in District Court Case No. CF–2002–354 in Writ PR 2002–1311 [1] and in CF–2001–140, CF–2002–116, CM–2000–240, CM–2002–225 and TR–2002–980 in Writ PR 2002–1310, and directed the District Attorney to issue a contempt citation. Mr. Bednar was ordered to appear for an initial appearance on November 4, 2002, at 1:00 p.m. before the District Court. OIDS sought an immediate

1. On October 29, 2002, Petitioner filed in both cases motions to "correct cover pages of petition previously filed" which is herewith **GRANTED** and reflected as set forth above.

stay of the contempt proceedings in the District Court while this Court considers the petitions for extraordinary relief "[b]ecause of the substantial harm the contempt proceedings pose to Mr. Bednar and the operation of the Oklahoma Indigent Defense System, and because of the magnitude of the constitutional, statutory and ethical questions raised by the District Court's actions." OIDS contends "the District Court's actions constitute a clear violation of the separation of powers doctrine and constitute excessive and unauthorized application of judicial force." Mr. Bednar states that he is "unable to comply with the District Court's order, as to do so would violate provisions of the Oklahoma Constitution, state purchasing laws and the penal code."

¶ 3 OIDS raised the following propositions in its applications:

1. The judiciary cannot compel James D. Bednar, Executive Director of the Oklahoma Indigent Defense System, through contempt proceedings, to provide conflict counsel representation when the agency is no longer funded to do so.

2. OIDS cannot contract for the services of new conflict counsel with no unencumbered funds available to pay under such contract.

OIDS seeks a writ of prohibition "precluding the District Court from entertaining any further contempt proceedings against him and prohibiting the District Attorney from further prosecuting said contempt proceedings." OIDS further seeks a writ of mandamus "directing both the District Court and the District Attorney to dismiss the contempt citation with prejudice and vacate the order holding Mr. Bednar in contempt and directing the filing of the contempt citation."

¶ 4 In an Order issued October 28, 2002, further contempt proceedings in the District Court of Kay County against James D. Bednar, Executive Director of the Oklahoma Indigent Defense System, were **STAYED**. The Respondents were directed to file a response to Petitioner's applications. The re-

sponse, prepared and filed by and through Brant M. Elmore, Assistant Attorney General,[2] was filed in this Court November 7, 2002.

¶ 5 The State argued the following propositions:

1. The Petition should be dismissed because Petitioner has failed to properly invoke the authority and jurisdiction of this Court.

2. Alternatively, the District Court of Kay County can lawfully hold Petitioner in contempt for failing to appear and/or for failing to perform his statutory duty to defend indigent criminal defendants under 22 O.S.2001, § 1355.7.

3. Alternatively, OIDS is not being compelled to contract with new conflict counsel without unencumbered funds available to pay under said contract.

4. Alternatively, the Local Court Fund Board is prohibited from providing the funds for conflict counsel.

5. In the event that this Court does not dismiss the Petition, Respondent requests oral argument.

The State concluded Petitioner "has wholly failed to provide representation, despite the fact that the Legislature has clearly established that he is to provide representation in contract attorney conflict situations", and that "Petitioner has wholly failed to comply with § 1355.7." The State also concluded that Petitioner "has failed to comply with the District Court's order that he provide representation" and that the "proper determination as to whether these acts are willful and constitute indirect contempt of court is for the jury that will be seated at Petitioner's trial." Respondent asserts that "[n]either Petitioner nor the courts of this State can rewrite Petitioner's statutory duties or relegislate OIDS' funding."

¶ 6 Oral argument was heard in this matter November 25, 2002. Mr. Bednar appeared on his own behalf and Brant M. Elmore appeared on behalf of Respondent.

---

2. The Attorney General of the State of Oklahoma was appointed by the Chief Justice of the Supreme Court of the State of Oklahoma to file a

response on behalf of Respondent, the Honorable Douglas C. Revard, Special Judge, District Court of Kay County.

¶ 7 For a writ of prohibition Petitioner must establish: (1) a court, officer or person has or is about to exercise judicial or quasi-judicial power; (2) the exercise of said power is unauthorized by law; and (3) the exercise of said power will result in injury for which there is no other adequate remedy. Rule 10.6(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2002). For a writ of mandamus, Petitioner has the burden of establishing (1) he has a clear legal right to the relief sought; (2) the respondent's refusal to perform a plain legal duty not involving the exercise of discretion; and (3) the adequacy of mandamus and the inadequacy of other relief. Rule 10.6(B).

¶ 8 Petitioner has not met the burden for extraordinary relief. OIDS' reliance upon *Fields v. Driesel,* 1997 OK CR 33, 941 P.2d 1000, is misplaced. *Fields* is not applicable to the facts of this case. The contempt proceedings against OIDS are not properly before this Court as other adequate remedies exist.

¶ 9 These proceedings have been in progress now for almost six months. The issues are complex and involve multiple conflicting constitutional and statutory provisions. For example, OIDS is statutorily mandated to represent indigent defendants, but constitutionally prohibited from entering into contracts with counsel if it does not have unencumbered appropriated funds to pay such contracts. The case also raises important separation of powers questions and potential conflicts in jurisdiction between this Court and the Oklahoma Supreme Court.

¶ 10 All of the issues presented by this case are resolvable by the Court. But it is fairly clear that to finally resolve the issues presented by this case (and the many similar cases) will require thousands of hours of lawyers and judicial time and tens of thousands of dollars. By concentrating efforts on the foregoing issues as framed by the parties, the real issue raised by this case is being overlooked.

¶ 11 The real issue raised by this case is what do we do about the fact that one Richard Price and one Shaun McClure have been sitting in the Kay County jail, charged with multiple serious crimes, for almost six months without a lawyer. There are numerous other indigent individuals incarcerated in other counties under circumstances similar to those in the present case. They too are without counsel. There is absolutely no doubt that both the United States Constitution and the Oklahoma Constitution require the State to provide and pay for a lawyer to represent indigent persons charged with a serious crime. Moreover, ultimately, it matters little whether the lawyer is paid by OIDS, the Court Fund (we find no authority interpreting § 1304 of Title 20 prohibiting judges of the District Court from appointing attorneys and providing payment from the Court Fund), or the General Fund. *It is the State's responsibility.* We simply cannot and will not permit the State to charge indigent persons with crimes and incarcerate them indefinitely without counsel.

¶ 12 Thus, because this case presents us with matters of State-wide constitutional concern, we set forth the following principles to cover these cases and other similar cases which may arise in the future. We begin with the proposition that it is the District Court's responsibility to see that indigent persons charged with a crime are represented by competent counsel within a reasonable amount of time from the date such person is incarcerated. If the District Court appoints OIDS to represent an indigent person and OIDS will not, or cannot accept the appointment, it is the District Court's duty to appoint other competent counsel at State expense. Whatever sanction, or action, may be taken against OIDS or the individual OIDS lawyer, shall not delay the District Court's responsibility to provide counsel to the indigent person. In the event an indigent incarcerated person is not provided with counsel within a reasonable amount of time, such person shall be released from custody.

¶ 13 In the present cases, Shaun McClure and Richard Price have been incarcerated without counsel in violation of their constitutional rights for almost six months. They must both be provided with counsel immediately. If these defendants do not have active counsel on or before Friday, December 6,

2002, they shall be released by the District Court.

¶ 14 Accordingly, Petitioner's application to this Court for extraordinary relief is **DENIED.** The stay imposed by this Court October 28, 2002, is hereby **LIFTED** effective 5:00 p.m., Friday, December 6, 2002.

¶ 15 **IT IS SO ORDERED.**

¶ 16 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 26th day of November, 2002.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge
/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge
/s/ Reta M. Strubhar
RETA M. STRUBHAR, Judge
/s/ Steve Lile
STEVE LILE, Judge